**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Joshua Jerome Scott,** *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | **1:26-CV-01587-RP-SH** |
| | § | |
| **Bastrop County, Texas, et al.,** *Defendants* | § | |

**ORDER**

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed June 8, 2026 (Dkt. 2).[1]

Plaintiff Joshua Jerome Scott, proceeding *pro se*, files this civil rights suit under 42 U.S.C. § 1983 against Bastrop County, Texas and six unnamed Bastrop County Sheriff's Office deputies and jail officers. Scott alleges that his constitutional rights were violated when he was arrested and jailed in Bastrop County in August 2025. He raised the same allegations in a previous suit he filed in this Court. *Scott v. Bastrop County Jail*, 1:25-cv-01361-RP-DH (W.D. Tex. Aug. 22, 2025) (dismissing without prejudice for failure to prosecute).

Because his first case was not dismissed on the merits, *res judicata* does not bar this suit. Nevertheless, Scott is a serial litigant who has filed more than a dozen meritless or duplicative suits in this Court. Due to his duplicative and malicious filings, the Honorable Dustin Howell warned Scott on July 28, 2026 that "he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims and otherwise abuse his access to the judicial system." *Scott v. United States Postal Service*, No. 1:26-cv-00772-RP, Dkt. 13 (W.D. Tex. July 28, 2026).

[1] The Honorable Robert Pitman referred the application to proceed *in forma pauperis* to this Magistrate Judge for disposition and prompt recommendation as to whether the case should be dismissed as frivolous, pursuant to Judge Pitman's Docket Management Standing Order. Dkt. 5.

Scott seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). Under § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees. The district court's decision whether a party may proceed *in forma pauperis* "must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). The movant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, the question is whether the movant can afford the costs without undue hardship or deprivation of "the necessities of life." *Id.*

An applicant to proceed *in forma pauperis* must complete all questions in the application and sign a declaration stating that all information is truthful under penalty of perjury. "One who makes this affidavit exposes himself to the pains of perjury in a case of bad faith. This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (citation omitted). "The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own, and against the filing of 'frivolous or malicious' lawsuits funded from the public purse." *Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 205 (1993).

Scott did not use the Court's standard form application for *in forma pauperis* applications. Dkt. 2. The Court **ORDERS** Scott to file an amended application to proceed in district court without paying fees or costs (the "long form")[2] answering all questions fully and truthfully by **September 25, 2026**, and sign and date the application.

[2] The form application can be found on the Court's website at: https://www.txwd.uscourts.gov/wp-content/uploads/filing-without-an-attorney/pro-se-manual/e.-Financial-Affidavit-in-Support-of-Motion-Austin-Only.pdf?_wpnonce=ecfb4a9c5e

Failure to do so by the deadline may result in the dismissal of this suit for failure to comply with a court order and failure to prosecute.

**SIGNED** on September 8, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE